UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-14-FDW

| | |
|---|---|
| DAMON EMIL FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| VON DREHLE CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Von Drehle Corporation's Motion to Dismiss Plaintiff's original Complaint, (Doc. No. 7), and on Defendant's Motion to Dismiss the Amended Complaint, (Doc. No. 11).

Plaintiff filed this action on February 1, 2019, alleging various discrimination claims against his former employer Von Drehle Corporation. (Doc. No. 1). On March 27, 2019, Defendant filed its first motion to dismiss, arguing, among other things, that Plaintiff's claims here are defined by the scope of his EEOC charges, in which Plaintiff alleged discrimination based only on disability. (Doc. No. 7). While the motion to dismiss was pending, Plaintiff filed a one-page "Amended Complaint," in which he merely adds a few statements to his original Complaint. (Doc. No. 10). On April 12, 2019, Defendant filed the pending motion to dismiss the Amended Complaint. (Doc. No. 11).

The Court first finds that the Amended Complaint is not sufficient in its current form. That is, as Defendant notes in the second motion to dismiss, it is only one page, and it contains incomplete sentences that are mostly unintelligible. In order to amend his complaint, Plaintiff may not simply add allegations to his already existing complaint as he has done here. Rather, he

1

must submit a proposed amended complaint that contains <u>all claims he intends to bring in this action against all Defendants he intends to sue</u>.  That is, a plaintiff may not amend his complaint in piecemeal fashion.  Furthermore, once a plaintiff amends his complaint, then the original complaint is superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims.  <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567 (4th Cir. 2001).

Because Plaintiff is proceeding pro se and most likely was unaware of the rules regarding amended complaints when he submitted his Amended Complaint, the Court will allow Plaintiff the opportunity to amend his Complaint again.  Plaintiff must submit a completed Amended Complaint in accordance with this order.  That is, in his Amended Complaint, which Plaintiff should file on a form used for Title VII actions, Plaintiff must name all defendants he wishes to sue, and he must assert all claims he wishes to bring in this action.  The Court advises Plaintiff, however, that he will not be given unlimited opportunities to amend his Complaint.  Furthermore, the Court advises Plaintiff that, when amending his Complaint, he should consider the arguments made in Defendant's first motion to dismiss, as Defendant correctly pointed out inadequacies in the original Complaint, such as the fact that Plaintiff's discrimination claims here are limited by the allegations made in his EEOC charges, in which Plaintiff alleged discrimination based only on disability.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall have 20 days in which to amend his Complaint in accordance with this Court's order.

(2) Because the Court is ordering Plaintiff to amend his Complaint, the Court finds that Defendant's two motions to dismiss (Doc. Nos. 7, 11), shall be terminated as moot.

(3) If Plaintiff fails to amend his Complaint in accordance with this Order within the time limit to do so, the Court will dismiss this action without prejudice and without further notice to Plaintiff based on Plaintiff's failure to prosecute this action.

(4) The Clerk of this Court is respectfully instructed to mail Plaintiff a form for filing a Title VII action.

Signed May 1, 2019

Max O. Cogburn Jr
United States District Judge