# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:19-CV-14-KDB-DSC

| | |
|---|---|
| **DAMON EMIL FIELDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **VON DREHLE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Second Amended Motion to Dismiss" (document #15) and pro se Plaintiff's "Motion for Leave to File [Third] Amended Complaint" (document #18).

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Having fully considered the arguments, the record, and the applicable authority, the undersigned will deny Plaintiff's Motion for Leave to file a third amended complaint and respectfully recommend that Defendant's Motion to Dismiss be granted as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 1, 2019, Plaintiff filed his formbook Complaint checking the box for every type of employment discrimination. The Complaint contained minimal supporting facts and no allegation of damages. Plaintiff attached his administrative charge to the Equal Employment Opportunity Commission. The charge shows that Plaintiff alleged only disability discrimination

1

in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq… The Complaint named Plaintiff's employer and two supervisors as Defendants.

In ruling on Plaintiff's "Motion to Proceed Informa Pauperis" (document #2), the Honorable Max O. Cogburn, Jr. found that the claims against the supervisors were "frivolous under [28 U.S.C.] § 1915(e)(2)." "Order" at 3 (document #3). Nevertheless, in each of his Amended Complaints, Plaintiff has persisted in asserting an ADA claim against those individual Defendants.

On March 27, 2019, Defendant filed its first Motion to Dismiss (document #7).

On April 1, 2019, Plaintiff filed a one-page Amended Complaint (document #10).

On April 12, 2019, Defendant filed an amended Motion to Dismiss (document #11).

On May 1, 2019, Judge Cogburn entered an Order mooting Defendant's Motions to Dismiss and allowing Plaintiff twenty days to file a second amended complaint. Document #13. The Order stated that:

> Plaintiff must submit a completed Amended Complaint in accordance with this order. That is, in his Amended Complaint, which Plaintiff should file on a form used for Title VII actions, Plaintiff must name all defendants he wishes to sue, and he must assert all claims he wishes to bring in this action. The Court advises Plaintiff, however, that he will not be given unlimited opportunities to amend his Complaint. Furthermore, the Court advises Plaintiff that, when amending his Complaint, he should consider the arguments made in Defendant's first motion to dismiss, as Defendant correctly pointed out inadequacies in the original Complaint, such as the fact that Plaintiff's discrimination claims here are limited by the allegations made in his EEOC charges, in which Plaintiff alleged discrimination based only on disability.

Id. at 2 (emphasis added).

On May 6, 2019, Plaintiff filed a formbook Second Amended Complaint (document #14). He checked the boxes for race, color, and disability discrimination. Id. at 4. Next to the disability box, Plaintiff wrote "had to take meds and trasferer [sic] me off line knowing injuries put me at

hardest position to body." Id.  In the damages section, he wrote "1,000,000.00 dollars settlement for years I could have taped rolls of paper and the changing environment [sic] of type of work to allow me to have stayed on job." Id. at 5.  These are the only factual allegations in the operative pleading.

On May 24, 2019, Defendant filed its "Second Amended Motion to Dismiss" (document #15).

On June 13, 2019, Plaintiff responded with a one-page handwritten Motion to Amend with a proposed third amended complaint attached. See Documents ##18 and 18-1.  The proposed third amended complaint contains the following factual allegations:

> [T]hey went against me due to medical condition under both federal and state laws it illegal demoting me. Americans with Disabilities Act (ADA)… [I] was demoted at work due to being disable and having to take meds … told…that I had to take meds for not being focused and they demoted me for having to take meds.

Document #18-1 at 2-3.  The proposed third amended complaint contains no allegations of damages except for the statement that Plaintiff has been "injured … emotionally - physically - financially." Id. at 3.  In the Request for Relief section, Plaintiff seeks one million dollars in damages.  Id. at 5.

The parties' Motions are ripe for disposition.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id… "Where the well-pleaded facts do not permit the court to

4

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even construing Plaintiff's Second Amended Complaint and proposed third amended complaint liberally, he has failed to state a claim upon which relief can be granted. As the Court has previously ruled, there is no individual liability under the ADA. See "Order" at 2 (document

5

#3); "Order" at 13 (document #13). See also Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (supervisors not liable in individual capacities under Title VII); Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (same for ADA).

The Court has held that the only possible employment discrimination claim under the ADA lies against the Defendant employer. See "Order" at 2 (Document #13). See also Stewart v. Iancu, 912 F.3d 693, 705-06 (4th Cir. 2019) (Title VII lawsuit may only extend to "like or related" or "reasonably related" allegations contained in the EEOC charge); Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit").

Taking either the allegations of the Second Amended Complaint or proposed third amended complaint as true, Plaintiff's ADA claim fails. Plaintiff has not alleged with any specificity the nature of his alleged disability. He has not alleged that at the time he was demoted, he was performing at a level that met Defendant's legitimate expectations. He has not alleged any direct evidence of discrimination or circumstances giving rise to a reasonable inference of discrimination. See Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir. 2001) (in addition to suffering adverse employment action, an ADA plaintiff must allege that "he is within the ADA's protected class … [that] he was performing the job at a level that met his employer's legitimate expectations; and circumstances that raise a reasonable inference of unlawful discrimination."); see also Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012); Rhoads v. FDIC, 257 F.3d 373, 387 n.11 (4th Cir. 2001).

Accordingly, Plaintiff's Motion for Leave to file yet another amended Complaint is denied

as futile. For the same reasons, the undersigned respectfully recommends that Defendant's Second Amended Motion to Dismiss be <u>granted</u>.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for Leave to File [Third] Amended Complaint" (document #18) is **DENIED**.

2. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Second Amended Motion to Dismiss" (document #15) be **GRANTED** and that the Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: July 9, 2019

David S. Cayer
United States Magistrate Judge